■ FRANCES L. MERCKENS, Appellant, v. THEODORE H. MERCKENS, Respondent.— Order affirmed, without costs of this appeal to either party. All concur. (Appeal from an order of Erie Special Term denying plaintiff's motion for an order sequestering personal property of defendant and granting defendant's motion for a dismissal of plaintiff's motion.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

■ In the Matter of RICHARD G. HEUSINGER, Appellant, against WALTER B. MARTIN, as Warden of Attica Prison, et al., Respondents.— Order affirmed, without costs of this appeal to either party. Memorandum: In September, 1954 appellant, upon his plea of guilty to the crime of burglary, third degree, was sentenced in Genesee County Court to a prison term of 7½ to 20 years. At the time of the commission of this crime appellant was on parole from a previous sentence imposed in Monroe County in 1949 upon his conviction of a felony. Upon his return to prison in 1954 petitioner was required to serve — pursuant to the provisions of section 219 of the Correction Law — the remaining portion of the maximum 1949 sentence computed from the date of his release on parole. On May 1, 1957 he commenced serving the sentence imposed in Genesee County Court. In the interval appellant commenced a proceeding in the latter court alleging, among other things, that there had been no compliance with section 480 of the Code of Criminal Procedure. His petition was dismissed without a hearing. This court reversed and directed a hearing. (3 A D 2d 814.) Following such hearing the sentence of 1954 was vacated and the court on May 27, 1957, upon the prior plea of guilty, resentenced appellant to a term of 5 to 10 years. It is conceded that petitioner's maximum sentence under the 1949 conviction in Monroe County had expired some 26 days before the imposition of this new sentence in Genesee County. It is the contention of appellant that he may not be required to serve any portion of the 1949 sentence because he was not legally " convicted " until after the expiration of that sentence. Otherwise stated, he claims that inasmuch as the 1954 sentence was vacated in 1957 there remained during 'hose years only a finding of guilt and absent a legal sentence he had never been " convicted " within the meaning of section 219 of the Correction Law. We find these contentions to be without merit and conclude that Special Term properly dismissed the petition. (*People ex rel. Egitto* v. *Jackson*, 7 A D 2d 808, motion for leave to appeal denied 5 N Y 2d 711, appeal dismissed 6 N Y 2d 747; *People ex rel. De Pasquale* v. *McMann*, 8 A D 2d 662; *People ex rel. Caballero* v. *Martin*, 5 A D 2d 803.) All concur. (Appeal from an order of Erie Supreme Court denying petitioner's application to correct claimed errors in the record of sentences of petitioner.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

■ EARL C. SYLVANDER et al., Individually and on Behalf of All Other Stockholders Similarly Situated, Appellants, v. LOUIS J. TABER et al., Respondents, and LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, Intervenor-Respondent.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Onondaga Supreme Court dismissing the seven causes of action in plaintiffs' complaint on the merits, and denying all relief demanded in the amended complaint.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ [19 Misc 2d 1005.]

■ VIRGINIA GEBHARD, as Administratrix of the Estate of EUGENE G. GEBHARD, Deceased, Respondent, v. OTTO WALTHERS et al., Constituting Fire District No. 5 of Town of West Seneca, et al., Appellants, et al., Defendants. — Judgment and order affirmed, with costs. All concur. (Appeal from a judgment of Erie Trial Term for plaintiff in an action for damages for the